UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-61771-CIV-DIMITROULEAS

GOYARD ST-HONORE,

    Plaintiff,

vs.

ABRAHAM BEN, *et al.*,

    Defendants.

_____/

**DECLARATION OF T. RAQUEL WIBORG-RODRIGUEZ IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND <u>ORDER RESTRAINING TRANSFER OF ASSETS</u>**

I, T. Raquel Wiborg-Rodriguez, declare and state as follows:

1.  I am an attorney for Plaintiff, Goyard St-Honore ("Goyard" or "Plaintiff") in the above captioned action. I submit this declaration in support of Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Application for Temporary Restraining Order") against Defendants, the Individuals, Partnerships and Unincorporated Associations identified on Schedule "A" to the Application for Temporary Restraining Order ("Defendants"). I am personally knowledgeable of the matters set forth in this declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

<u>**RE: INVESTIGATION OF DEFENDANTS**</u>

2.  On Goyard's behalf, my firm retained Invisible Inc, a licensed private investigative firm, to investigate the suspected sales of counterfeit Goyard-branded products by

Defendants,[1] and to obtain the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit Goyard branded products.  At the conclusion of the investigation, I received the detailed web pages Invisible Inc captured and downloaded reflecting each Goyard-branded product purchased via the e-commerce stores operating under Defendants' seller identification names identified on Schedule "A" to the Application for Temporary Restraining Order (the "Seller IDs") and provided copies of the same to Goyard's representative, Jean-Laurent Thierry, for review.  True and correct copies of the printouts my firm provided to Goyard's representative, which reflect samples of the Goyard branded goods Defendants are promoting, offering for sale, and selling via the Seller IDs, are attached as Composite Exhibits "1" through "3" to the Declaration of Kathleen Burns in Support of Plaintiff's Application for Temporary Restraining Order.

**RE: *EX PARTE* RELIEF**

3. It has been my experience that in multiple litigations involving online counterfeiting that, in the absence of a temporary restraining order without notice, Defendants can and will significantly alter the status quo before the Court can determine the parties' respective rights. In particular, the Internet based e-commerce stores and Seller IDs at issue herein are under Defendants' complete control. As such, Defendants have the ability to modify e-commerce store data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets. Such modifications can happen in a short span of time after Defendants are provided with notice of this action. Thus, Defendants can easily

---

[1] Invisible Inc purchased a Goyard branded product from Defendant Abraham Ben (Defendant Number 1) and Defendant Y.T.X.S. (Defendant Number 18) via those Seller IDs.  However, during the preparation and filing of the instant Application, Defendant Abraham Ben (Defendant Number 1) changed its seller identification name to Sofia king, using the identical Seller ID, A1FU4MW7N92Z4T, and Defendant Y.T.X.S. (Defendant Number 18) changed its seller identification name to Only 7-15 Day, using the identical Seller ID, A1S9R9L5HJIHS1.

2

electronically transfer and secret the funds sought to be restrained if they obtain advance notice of Plaintiff's Application for Temporary Restraining Order and thereby thwart the Court's ability to grant meaningful relief and can completely erase the status quo.  As Defendants engage in illegal trademark counterfeiting activities, Goyard has no reason to believe Defendants will make their assets available for recovery pursuant to an accounting of profits or will adhere to the authority of this Court any more than they have adhered to federal trademark law.  This case is being filed on an *ex parte* basis to prevent such an injustice from occurring herein.

**RE: RESTRAINT OF ASSETS**

4.      Defendant Numbers 1-18 use the non-party Internet marketplace platform, Amazon.com, Inc. ("Amazon") to support and drive consumer traffic to their counterfeiting operations.  Amazon is an e-commerce marketplace that allows Defendants to conduct their commercial transactions privately via Amazon's payment processing and retention service, Amazon Payments, Inc. As such, Defendants' payment information is not publicly disclosed. Multiple past actions filed by Goyard and others have demonstrated that counterfeiters often do not identify the payment accounts they are using in attempts to evade detection.  However, because Amazon also operates as a money transmitter for sales made on Amazon, it has the ability to identify and restrain the payment accounts associated with Defendant Numbers 1-18. The Amazon Payments, Inc. company admits on its website, https://payments.amazon.com/help/6026 (last visited on July 27, 2018), that it is licensed to operate in the State of Florida as a money transmitter by the Florida Office of the Controller. A true and correct copy of Amazon's license to engage in the business of money transmission downloaded from Amazon's website is attached hereto as Exhibit "1." Accordingly, Amazon is subject to personal jurisdiction in this Court.

3

5. Defendant Numbers 19-26 use the non-party Internet marketplace platform eBay.com, to support and drive consumer traffic to their counterfeiting operations. Goyard obtained evidence that Defendant Numbers 19-26 use money transfer and retention services with PayPal, Inc. ("PayPal"), as a method to receive monies generated through the sale of counterfeit products.  The PayPal, Inc. ("PayPal") company admits on its website, paypal.com (last visited on July 27, 2018), that it is licensed to operate in the State of Florida as a money transmitter and payment instrument by the Florida Office of the Controller.  A true and correct copy of PayPal's license to engage in the business of money transmission downloaded from PayPal's website is attached hereto as Exhibit "2." Accordingly, PayPal is subject to personal jurisdiction in this Court.  I also know from multiple past actions involving the restraint of payment accounts that PayPal accounts are actually the e-mail addresses used by PayPal to communicate with the account owners.

6. Defendant Numbers 27-71 use the non-party e-commerce marketplace platform, Wish.com, which is operated by ContextLogic Inc. ("ContextLogic") to support and drive consumer traffic to their counterfeiting operations. Individual merchants operating through the Wish.com marketplace platform have their payments processed on their behalf using an aggregate escrow account in the name of WISH (ContextLogic Inc.). The Wish.com platform itself is not the ultimate merchant, but because it accepts and processes payments on behalf of its individual merchants, it is the only party which can tie a particular Seller ID to a reported transaction and identify the merchant's funds held in sub-accounts within the aggregate account. ContextLogic, which operates the website Wish.com, facilitates online sales and transactions, and conducts substantial business within the United States, including within this district, and is therefore subject to personal jurisdiction in this Court.

7.  Based on past experience in similar cases, I reasonably believe that Amazon, PayPal, and ContextLogic, have the ability to and will in fact comply with a temporary restraining order of the type now sought by Goyard.[2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed the 31st day of July, 2018, at Fort Lauderdale, Florida.

_____
T. Raquel Wiborg-Rodriguez

---

[2] Goyard's Application for Temporary Restraining Order requests the Court enter an interim order that Amazon cease fulfillment of and sequester Defendants' inventory assets corresponding to the ASINs on Schedule "A" thereto that are presently in Amazon's inventory, possession, custody, or control, and impound such goods in trust for the Court during the pendency of this action. In anticipation of making this request, counsel for Goyard contacted counsel for Amazon, who indicated that Amazon would comply with a Court order directing the same.