UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61771-CIV-DIMITROULEAS/SNOW

GOYARD ST-HONORE,

        Plaintiff,

vs.

ABRAHAM BEN, *et al.*,

        Defendants.
_____/

## ORDER GRANTING *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER

THIS CAUSE came before the Court upon Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Application") [DE 4], filed herein on August 1, 2018. The Court has carefully reviewed the Application and the record and is otherwise fully advised in the premises.

By the instant Application, Plaintiff, Goyard St-Honore ("Plaintiff") moves *ex parte*, for entry of a temporary restraining order against Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants") , and an entry of an order restraining the financial accounts used by Defendants, pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a).

For the reasons set forth herein, Plaintiff's *Ex Parte* Application for Temporary Restraining Order [DE 4] is **GRANTED**.

I. **Factual Background**[1]

Plaintiff is the owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Goyard Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| (logo) | 1,709,953 | August 25, 1992 | IC 016 – Office requisites; namely, agendas and spare sheets therefor, repertories, desk pads, pen holders, stamp boxes for the storage of postage stamps, writing pads, address pads, pencil jars for desk use, ink wells, mail trays for desk use, note books, check cases and pen cases.<br><br>IC 018 – Articles of fancy leather, leather, cloth and skin articles; namely, valises, travel trunks, cosmetic cases, travelling bags, handbags, brief cases, attache cases, brief case type document cases, toilet cases sold empty, makeup cases sold empty, sewing cases, wallets, hat boxes for travel, business card cases, key cases, drawstring pouches, garment bags for travel, necktie cases, jewel cases, umbrellas, saddle covers, cloth carriers, articles for dogs; namely, dog collars, dog leashes, dog clothes and carrying bags. |

---

[1] The factual background is taken from Plaintiff's Complaint, Application for Temporary Restraining Order, and supporting Declarations submitted by Plaintiff.

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| GOYARD | 1,821,224 | February 15, 1994 | IC 016 – Office requisites; namely, agendas, repertories, note books, check cases and pen cases.<br><br>IC 018 – Articles of fancy leather, leather, cloth and skin articles; namely, valises, travel trunks, cosmetic cases sold empty, traveling bags, handbags, briefcases, attache cases, briefcase type document cases, toilet cases sold empty, make-up cases sold empty, wallets, hat boxes for travel, business card cases, key cases, draw string pouches, garment bags for travel, necktie cases, umbrellas, saddlebags, saddle covers, and articles for dogs; namely, dog collars, dog leashes, dog clothes and carrying bags. |
| (E. Goyard Honore Paris) | 3,418,288 | April 29, 2008 | IC 018 – Bags and traveling sets, namely, traveling bags; garment bags for travel; luggage trunks; valises, vanity cases sold empty, rucksacks, handbags, beach bags, school bags; suitcases, briefcases, pocket wallets, purses, not of precious metal, leather key cases; business card cases; umbrellas, parasols, walking sticks. |
|  | 4,036,898 | October 11, 2011 | IC 003 – Toilet soap; perfumes; eau de toilette and eau de cologne; cosmetic preparations; essential oils for personal use; cosmetic milks; lotions for face and body care; cosmetic creams; emulsions for cosmetic use; shampoos; gels to be used on the face and body for aesthetic purposes; deodorants for personal use.<br><br>IC 009 – Spectacles; spectacle frames; sunglasses; spectacle cases; photographic apparatus, namely, cameras.<br><br>IC 014 – Precious metals and their alloys, other than for dental use; goods |

3

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | made of precious metals and their alloys, other than for dental use, in the nature of jewelry, namely, rings, earrings, bracelets, charms, chains, watch chains, necklaces, pins, ornaments, fashion pins, ring bands; goods made of precious metals and their alloys, other than for dental use, namely, buckles of precious metal, hat ornaments of precious metal, jewellery cases of precious metal, jewellery caskets of precious metal; jewellery, precious stones, semi-precious stones, jewelry in the nature of pearls, horological and chronometric instruments; watches, watch straps, wristwatches; boxes for watches, jewelry boxes; cuff links.<br><br>IC 018 – Goods of leather and imitations of leather, namely, travelling bags, travelling sets comprised of luggage, and garment bags for travel; trunks; suitcases; unfitted vanity cases; rucksacks; handbags; sports bags; beach bags; school bags; attaché cases; document cases; briefcases; school satchels; under-arm bags, namely, handbags; leather goods, namely, wallets, purses not of precious metal, leather key cases, card holders for wallets; umbrellas; parasols; sunshade parasols; walking sticks.<br><br>IC 024 – Fabrics for textile use; textile goods, namely, bath linen not for clothing, household linen, bed linen, textile table linen, bathroom linen of textile, handkerchiefs of textile.<br><br>IC 025 – Clothing for men, women and children, namely, dresses, skirts, petticoats, culottes, ladies' suits, |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | trousers, shorts, Bermuda shorts, swimming drawers, shirts, ladies' shirts, blouses, tee-shirts, sweatshirts, waistcoats, jackets, cardigans, pullovers, sweaters, parkas, anoraks, coats, gaberdines, raincoats, furs, sashes for wear, shawls, scarf, gloves, neckties, belts, socks, stockings, tights, underwear, pajamas, dressing gowns, swimsuits, bath robes; footwear, except orthopedic footwear, namely, shoes, sandals, boots, half-boots, boot liners, slippers; hats, berets, caps.<br><br>IC 028 – Games, namely, chess games; gymnastic and sporting articles not included in other classes, namely, baseball gloves, bats for games, boxing gloves, golf gloves, golf clubs, golf bags; decorations for Christmas trees. |

(*See* Declaration of Jean-Laurent Thierry in Support of Plaintiff's Application for Temporary Restraining Order ("Thierry Decl.") ¶ 5; *see also* United States Trademark Registrations of the Goyard Marks at issue attached as Composite Exhibit 1 to the Complaint.) The Goyard Marks are used in connection with the manufacture and distribution of high quality goods in the categories identified above. (*See id.* ¶¶ 4-5.)

Defendants, by operating e-commerce stores via the Internet marketplace platforms, Amazon.com ("Amazon"), eBay.com ("eBay"), and Wish.com ("Wish"), under their seller identification names identified on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable imitations of the Goyard Marks. (*See* Thierry Decl. ¶¶ 9-13; Declaration of T. Raquel Wiborg-Rodriguez in Support of Plaintiff's

5

Application for Temporary Restraining Order ("Wiborg-Rodriguez Decl.") ¶ 2; Declaration of Kathleen Burns in Support of Plaintiff's Application for Temporary Restraining Order ("Burns Decl.") ¶ 4.)

Although each Defendant may not copy and infringe each Goyard Mark for each category of goods protected, Plaintiff has submitted sufficient evidence showing that each Defendant has infringed, at least, one or more of the Goyard Marks. (*See* Thierry Decl. ¶¶ 10-13.) Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Goyard Marks. (*See id.* ¶¶ 9, 12-13.)

Goyard's counsel retained Invisible Inc ("Invisible"), a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing Goyard branded products by Defendants and to obtain the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit versions of Goyard's branded products through the Seller IDs. (Thierry Decl. ¶ 10; Burns Decl. ¶ 3; Wiborg-Rodriguez Decl. ¶ 2.) Through Amazon.com, eBay.com, and Wish.com, Invisible accessed all of the e-commerce stores operating under Defendant's Seller IDs,[2] placed an order for the purchase of a product bearing[3] counterfeits of, at least, one of the Goyard Marks at issue in this action, via each Seller ID, and requested each

---

[2] Invisible purchased a Goyard branded product from Defendant Abraham Ben (Defendant Number 1) and Defendant Y.T.X.S. (Defendant Number 18) via those Seller IDs. However, Plaintiff submits that during the preparation and filing of its Application, Defendant Abraham Ben (Defendant Number 1) changed its seller identification name to Sofia king, using the identical Seller ID, A1FU4MW7N92Z4T, and Defendant Y.T.X.S. (Defendant Number 18) changed its seller identification name to Only 7-15 Day, using the identical Seller ID, A1S9R9L5HJIHS1. (*See* Wiborg-Rodriguez Decl. ¶ 2 n.1.)

[3] Plaintiff submitted evidence showing that some of the Defendants blurred-out and/or physically altered the images of the Goyard Marks on the products being offered for sale via their respective e-commerce store. (*See* Burns Decl. ¶ 4 n.1.) The received products verified that these products bore the Goyard Marks in their entirety. (*Id.*)

6

product to be shipped to one of its addresses in the Southern District of Florida. (Burns Decl. ¶ 4 and Comp. Exs. 1 through 3 thereto.) Following submission of the orders, Invisible finalized payment for the purchase of the products from Defendant Numbers 1-18 via Amazon.com,[4] finalized payment from Defendant Numbers 19-26 via PayPal to Defendants' respective PayPal accounts, and finalized payment from Defendant Numbers 27-71 via Defendants' respective payee,[5] as identified on Schedule "A" hereto.[6] At the conclusion of the process, the detailed web page captures of the Goyard branded products purchased by Invisible via Defendants' Seller IDs, together with photographs of some of the products received,[7] were sent to Plaintiff's representative for inspection. (*See* Burns Decl. ¶ 4; Thierry Decl. ¶ 11; Wiborg-Rodriguez Decl. ¶ 2.) Plaintiff's representative conducted a review of and visually inspected the Goyard branded products purchased by Invisible via Defendants' Seller IDs and determined the products were non-genuine, unauthorized versions of Plaintiff's goods. (*See* Thierry Decl. ¶¶ 10-13.)

---

[4] Amazon.com is an e-commerce marketplace that allows Defendants to conduct their commercial transactions privately via Amazon.com's payment processing and retention service, Amazon Payments, Inc. (*See* Wiborg-Rodriguez Decl. ¶ 4; Burns Decl. 4 n.2.) As such, Defendants' payment information is not publicly disclosed. (*Id.*)

[5] "PayPal * Wish" was identified as the payee for each of Invisible's orders from Defendant Numbers 27-71's Wish.com Seller IDs. "WISH (ContextLogic Inc.)" is the named PayPal recipient for individual transactions conducted with sellers through Wish.com. (*See* Burns Decl. ¶ 4 n.3.)

[6] The Amazon Standard Identification Number ("ASIN") for the various Goyard branded products purchased via Amazon.com are also identified on Schedule "A" hereto. The ASINs were obtained either from the Product Information / Description segments or the URLs of the infringing Goyard branded items. (*See* Burns Decl. n.6 and Comp. Ex. 1 thereto.)

[7] The buys made via the Seller IDs of Defendant LOYEOY GM (Defendant Number 12), Defendant Fast/Quality (Defendant Number 5), and Defendant Y.T.X.S. (Defendant Number 18) identify the shipping origin to be 172 Trade Street, Lexington KY 40511, USA – which corresponds to an Amazon.com fulfillment center. (*See* Burns Decl. ¶ 4 n.4 and Comp. Ex. 1 thereto.)

## II. Legal Standard

In order to obtain a temporary restraining order, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

## III. Conclusions of Law

The declarations Plaintiff submitted in support of its *Ex Parte* Application for Temporary Restraining Order support the following conclusions of law:

A.  Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing counterfeits, reproductions, or colorable imitations of the Goyard Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiff's products that bear copies of the Goyard Marks.

B.  Because of the infringement of the Goyard Marks, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. The following specific facts, as set forth in Plaintiff's Complaint, Application for Temporary Restraining Order, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

1. Defendants own or control e-commerce stores via Internet marketplace platforms operating under their seller identification names which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

2. There is good cause to believe that more counterfeit and infringing products bearing Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates; and

3. There is good cause to believe that if Plaintiff proceeds on notice to Defendants on this Application for Temporary Restraining Order, Defendants can easily and quickly transfer or modify e-commerce store data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of seller identification names, thereby thwarting Plaintiff's ability to obtain meaningful relief.

C.  The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far

outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

D. The public interest favors issuance of the temporary restraining order to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

E. Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of the Goyard Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of Plaintiff's Complaint, Application for Temporary Restraining Order, and supporting evidentiary submissions, it is hereby

ORDERED that Plaintiff's Application for Temporary Restraining Order [DE 4] is **GRANTED**, according to the terms set forth below:

**TEMPORARY RESTRAINING ORDER**

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby temporarily restrained as follows:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Goyard Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Goyard Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Goyard Marks, or any confusingly similar trademarks.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the Goyard Marks or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs;

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the Goyard Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any

11

other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by each Defendant, including the Internet based e-commerce stores operating under the Seller IDs;

(4)     Each Defendant shall not transfer ownership of the Internet based e-commerce stores under their Seller IDs during the pendency of this action, or until further order of the Court;

(5)     Each Defendant shall preserve copies of all computer files relating to the use of any of the Internet based e-commerce store website businesses under their Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores under their Seller IDs that may have been deleted before the entry of this Order;

(6)     Upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of this Order, including but not limited to Amazon.com, Inc., shall immediately cease facilitating access during the pendency of this action, to any and all listings and associated images of the products bearing counterfeits and/or infringements of the Goyard Marks used by Defendants via the e-commerce stores operating under their respective Seller IDs, including but not limited to, the listings and associated images identified by the Amazon Standard Identification Numbers ("ASIN") on Schedule "A" hereto, and any other listings and images of goods bearing counterfeits and/or infringements of the Goyard Marks associated with any ASIN linked to the same sellers to offer for sale goods bearing counterfeits and/or infringements of the Goyard Marks;

(7)     Upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of this Order, including but not limited to Amazon.com, Inc., shall immediately cease fulfillment of and sequester Defendants' inventory

12

assets corresponding to the ASINs identified on Schedule "A" hereto presently in its inventory, possession, custody, or control, and impound such goods in trust for the Court during the pendency of this action;

(8) Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc. ("Amazon"),[8] PayPal, Inc. ("PayPal")[9], ContextLogic, Inc., which operates the Wish.com website ("ContextLogic"),[10] and their related companies and affiliates shall (i) immediately identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores operating under the Seller IDs, store URLs, and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court;

(9) Upon receipt of notice of this Order, all financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms receiving notice of this

---

[8] Amazon is licensed to do business in the State of Florida by the Florida Office of the Controller and is therefore subject to personal jurisdiction in this Court. (*See* Wiborg-Rodriguez Decl. ¶ 4.)

[9] PayPal is licensed to do business in the State of Florida by the Florida Office of the Controller and is therefore subject to personal jurisdiction in this Court. (*See* Wiborg-Rodriguez Decl. ¶ 5.)

[10] ContextLogic, Inc., which operates the website Wish.com, facilitates online sales and transactions, and conducts substantial business within the United States, including within this district and is therefore subject to personal jurisdiction in this Court. (*See* Wiborg-Rodriguez Decl. ¶ 6.)

Order, including but not limited to, Amazon, PayPal, ContextLogic, and their related companies and affiliates, shall further, within five business days of receiving this Order, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, PayPal, ContextLogic, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court;

    (10)    Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

    (11)    This Order shall apply to the Seller IDs, associated e-commerce stores, and any other seller identification names, e-commerce stores, or financial accounts which are being used by the Defendants for the purpose of counterfeiting the Goyard Marks at issue in this action and/or unfairly competing with Plaintiff;

    (12)    This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated by the parties;

## BOND TO BE POSTED

(13) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court; In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

## PRELIMINARY INJUNCTION

(14) A **hearing** is set before this Court in the United States Courthouse located at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301, Courtroom 205F, on **Thursday, August 23, 2018, at 1:15 P.M.**, at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction;

(15) After Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiff shall serve copies of the Complaint, Application for Temporary Restraining Order, and this Order, on each Defendant by e-mail via their corresponding e-mail address, or on each Defendant via their corresponding e-mail/online contact form provided on the e-commerce stores operating under the Seller IDs, or by providing a copy of this Order by e-mail to the marketplace platform for each of the Seller IDs so that the marketplace platform, in turn, notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, Plaintiff shall post copies of the Complaint, Application for Temporary Restraining Order, and this Order, as well as all other documents filed in this action on the website located at

http://servingnotice.com/Ybc5np/index.html, and shall provide the website address and a link to the website to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at http://servingnotice.com/Ybc5np/index.html, or by other means reasonably calculated to give notice which is permitted by the Court;

(16) Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Internet marketplace platforms, including but not limited to Amazon.com, eBay.com, ContextLogic, shall, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with the Defendants' respective Seller IDs;

(17) Any response or opposition to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel by August 16, 2018. Plaintiff shall file any Reply Memorandum on or before August 21, 2018. The above dates may be revised upon stipulation by all parties and approval of this Court. Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d), Fed. R. Civ. P. 65, The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority;

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 2nd day of August, 2018.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of Record

## SCHEDULE "A"
## DEFENDANTS BY NUMBER, SELLER ID, STORE URL AND FINANCIAL ACCOUNTS

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number / PayPal Account | Goyard Branded Item's ASIN / Store URL |
|---|---|---|---|
| 1 | Abraham Ben | A1FU4MW7N92Z4T | B073F5QGY |
| 1 | Sofia king | | |
| 2 | aRDDMZ | A3JXV78FRZN22C | B0744CC993 |
| 3 | bagcollector | AMQ5DDJ3MVT71 | B0734DVC6Z |
| 4 | Ckahoered | A2HRJ1NWUQVOH | B074DSYF7P |
| 5 | Fast/Quality | A3F8CPMO6K4UCJ | B0755D2FJL* |
| 6 | Flanco | A1BWV8N39SLG9L | B078Q6Y15R |
| 7 | Fonialy | AH06R1Q4CLEXG | B077SFB821 |
| 8 | Free and happy` | A27QEPJJCO363R | B074DSYF7P |
| 9 | God is A Girl X | AMWO429XEZKN1 | B074YJLSH3 |
| 10 | Hoared | A1KUVXTKIOPCDX | B075B9JTKS |
| 11 | Limitless Charm | ALYJCKDTTWX94 | B074DSYF7P |
| 12 | LOYEOY GM | A334Q7MPUKHA3S | B07556Q91S* |
| 13 | qekgo13 | AQIC9BZ1X3MTZ | B077KPCDG9 |
| 14 | ST2 | A241I6177Z1JM9 | B077KPCDG9 |
| 15 | Styy | A3IYC7QAU605UB | B077KPCDG9 |
| 16 | SUperhallo me | A2DUH8LJHV8M72 | B07BC6R8DJ |
| 17 | xuweicheng | A29X2E8JLSS2ZR | B074YJLSH3 |
| 18 | Y.T.X.S. | A1S9R9L5HJIHS1 | B079CBFWG8* |
| 18 | Only 7-15 Day | | |
| 19 | 77carats | zhangyu1892@yahoo.com | |
| 20 | csc5886 | m13133911696@163.com | |
| 21 | glchg97381 | 2732144668@qq.com | |
| 22 | gzzq91683 | 1516837742@qq.com | |
| 23 | liying3692011 | xuelian578@sina.com | |
| 24 | shaoxiumeish | tongkuai369@126.com | |
| 25 | yema38h-4 | yema38h@163.com | |
| 26 | zhangxuelong321 | fasx6yg54@hotmail.com | |
| 27 | 11Sugar&Spice | PayPal * Wish | https://www.wish.com/merchant/583fc7c4e24c5b06d4dca80d |
| 28 | amazing-women | PayPal * Wish | https://www.wish.com/merchant/59487c6b41edf304ce540ce9 |
| 29 | AshleighJuenKidsFashion | PayPal * Wish | https://www.wish.com/merc |

---

* Denotes ASINs that were shipped from Amazon's warehouse on behalf of the respective Defendant / Seller ID.

17

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number / PayPal Account | Goyard Branded Item's ASIN / Store URL |
|---|---|---|---|
|  |  |  | hant/59c13bbd9fbc5126e4be3e68 |
| 30 | babylovebeauty | PayPal * Wish | https://www.wish.com/merchant/59d8f04f47d56601e2346747 |
| 31 | Better Bay | PayPal * Wish | https://www.wish.com/merchant/562a2755f0c2b321c3f6f71a |
| 32 | Chinal | PayPal * Wish | https://www.wish.com/merchant/58b027d8e37fc650604f9a8a |
| 33 | Crazybag | PayPal * Wish | https://www.wish.com/merchant/599ad4740ec30f56dd7dbb52 |
| 34 | fashionklkl | PayPal * Wish | https://www.wish.com/merchant/5a0686be518c1c699553de4e |
| 35 | fashionyuyuo | PayPal * Wish | https://www.wish.com/merchant/5a1807e7fd9db86fc6752a25 |
| 36 | fly and wing | PayPal * Wish | https://www.wish.com/merchant/595caab42eac1103538456a4 |
| 37 | Gagar | PayPal * Wish | https://www.wish.com/merchant/5a01b7e1ef7b89436967be5f |
| 38 | Global Colorful | PayPal * Wish | https://www.wish.com/merchant/543ff46411c1a1179a1f87ad |
| 39 | Hotop | PayPal * Wish | https://www.wish.com/merchant/5a006d1e67e9be67e01f6332 |
| 40 | huailaoshudewo | PayPal * Wish | https://www.wish.com/merchant/59438eaf7fe2416c351abe80 |
| 41 | icream | PayPal * Wish | https://www.wish.com/merchant/58b01a8de8bff85070493c5a |
| 42 | Igiftbox | PayPal * Wish | https://www.wish.com/merchant/56e28e22c1ae5d16b98da3a9 |
| 43 | Joyful Fish | PayPal * Wish | https://www.wish.com/merchant/56e92896cd47c858461 |

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number / PayPal Account | Goyard Branded Item's ASIN / Store URL |
|---|---|---|---|
| | | | b30b4 |
| 44 | Lasted | PayPal * Wish | https://www.wish.com/merchant/5996c33c8696be109ccbc061 |
| 45 | lgqlgq | PayPal * Wish | https://www.wish.com/merchant/593f657ae81e8a24899c6903 |
| 46 | Life spring | PayPal * Wish | https://www.wish.com/merchant/5864c1fdafdcff4cb447bb0d |
| 47 | liucm | PayPal * Wish | https://www.wish.com/merchant/58fc5cb0eb16272bed77624f |
| 48 | MAN SA | PayPal * Wish | https://www.wish.com/merchant/54ab9356ffff650334bb5288 |
| 49 | My Everything | PayPal * Wish | https://www.wish.com/merchant/56e7b85c1061fb58536f49b1 |
| 50 | new cl | PayPal * Wish | https://www.wish.com/merchant/5759763203c5865eea88f984 |
| 51 | orangebuy | PayPal * Wish | https://www.wish.com/merchant/5813234f96f7f922098ce4f9 |
| 52 | pink sakura | PayPal * Wish | https://www.wish.com/merchant/56e7d42ee7832658428eac17 |
| 53 | qinglongameng | PayPal * Wish | https://www.wish.com/merchant/59efa9688cf0ed4b4dc16fe6 |
| 54 | Seven business | PayPal * Wish | https://www.wish.com/merchant/560a2d582ca23217dfdd9b69 |
| 55 | shenzhenshichuangyiyouxiangongsi | PayPal * Wish | https://www.wish.com/merchant/59c78da230e1f34cc820f3cd |
| 56 | Shenzhentianqi | PayPal * Wish | https://www.wish.com/merchant/59ef478d8cf0ed18a8c16f64 |
| 57 | shixin888999666 | PayPal * Wish | https://www.wish.com/merchant/5aa3965c972233379c1923ca |

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number / PayPal Account | Goyard Branded Item's ASIN / Store URL |
|---|---|---|---|
| 58 | shuijingzhihen | PayPal * Wish | https://www.wish.com/merchant/5733094a24f3e25962d186e1 |
| 59 | shuijingzhihen2 | PayPal * Wish | https://www.wish.com/merchant/5765338a9fd9215e4dd7caa2 |
| 60 | Smarter baby | PayPal * Wish | https://www.wish.com/merchant/58b10dad8df6a35125ddd036 |
| 61 | Speedy2u | PayPal * Wish | https://www.wish.com/merchant/597aedf24b913a2a9bc99d52 |
| 62 | STYFastFashion | PayPal * Wish | https://www.wish.com/merchant/58feffead338241125613fed |
| 63 | SugarScarf | PayPal * Wish | https://www.wish.com/merchant/5a1aa2296ea4a72fce0c261b |
| 64 | sunhuiisDADY | PayPal * Wish | https://www.wish.com/merchant/58403fb1ef56282c35fedfd5 |
| 65 | usaexpresss | PayPal * Wish | https://www.wish.com/merchant/58144b3829b5f31953f36616 |
| 66 | wangjunbo | PayPal * Wish | https://www.wish.com/merchant/58c0eb96c92c377106f89fa3 |
| 67 | was | PayPal * Wish | https://www.wish.com/merchant/59393f655574df0221bda742 |
| 68 | wodexiuhuaxie | PayPal * Wish | https://www.wish.com/merchant/57f62cd18ae786577ba54fe5 |
| 69 | wwang | PayPal * Wish | https://www.wish.com/merchant/54db37a3c5cb406eac547115 |
| 70 | zhh1128 | PayPal * Wish | https://www.wish.com/merchant/5895dd5a45253f52cd588a46 |
| 71 | zhumengqi | PayPal * Wish | https://www.wish.com/merchant/5a951e84ccf0c83a41b8d2c9 |