UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61771-CIV-DIMITROULEAS/SNOW

GOYARD ST-HONORE,

    Plaintiff,

vs.

ABRAHAM BEN, *et al.*,

    Defendants.

_____/

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT NUMBERS 23 AND 24

THIS CAUSE is before the Court upon Plaintiff's Motion for Entry of Consent Final Judgment and Permanent Injunction as to Defendant Numbers 23 and 24 (the "Motion") [DE 22], filed herein on October 3, 2018. The Court has carefully considered the Motion [DE 22] and is otherwise fully advised in the premises.

Plaintiff, Goyard St-Honore ("Plaintiff") and Defendant liying3692011 a/k/a Xuelian Li (Defendant Number 23) and Defendant shaoxiumeish a/k/a Zongtong Yang (Defendant Number 24) (collectively, "Defendants"), stipulate and consent to the following:

**WHEREAS**, Defendants allegedly adopted and began using trademarks in the United States that infringe the distinctive quality of Plaintiff's various registered trademarks as identified in Paragraph 15 of Plaintiff's Complaint, [DE 1], and Schedule "B" thereto (the "Goyard Marks");

**WHEREAS**, Defendants' use of names and marks which incorporate one or more of the Goyard Marks is likely to cause confusion as to source or origin;

**WHEREAS**, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Plaintiff's good faith prior use of the Goyard Marks, Plaintiff has superior and exclusive rights in and to the Goyard Marks in the United States and any confusingly similar names or marks.

**IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED** that:

1. Plaintiff's Motion [DE 22] is **GRANTED**. Final Judgment is entered in favor of Plaintiff and against Defendants.

2. Defendants and their respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from:

   a. manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Goyard Marks;

   b. using the Goyard Marks in connection with the sale of any unauthorized goods;

   c. using any logo and/or layout which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

   d. falsely representing Defendants as being connected with Plaintiff, through sponsorship or association;

   e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of

     Defendants, are in any way endorsed by, approved by, and/or associated with Plaintiff;

  f. using any reproduction, counterfeit, copy, or colorable imitation of the Goyard Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants;

  g. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff, or in any way endorsed by Plaintiff;

  h. offering such goods in commerce; and from unfairly competing with Plaintiff;

  i. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Goyard Marks; and

  j. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

  3. Plaintiff shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorney's fees, costs, and such other relief deemed proper in the

event of a violation or failure by Defendants to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorney's fees and costs.

4. This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

5. Each party shall bear its own attorney's fees and costs.

6. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment.

7. PayPal, Inc. ("PayPal") shall (1) disburse the funds of Defendants restrained pursuant to the Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order (the "TRO") [DE 7], dated August 2, 2018, as directed by Plaintiff's counsel; (2) upon transfer of the funds to Plaintiff as required herein, PayPal shall remove any restraints that were placed on Defendants' PayPal accounts pursuant to the TRO and (3) return Defendants' accounts back to an unrestrained status in accordance with PayPal's operating procedures and contract for services with Defendants.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 3rd day of October, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of Record